UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE HAND PROMOTIONS, INC.,

        Plaintiff,

v.

                                    Case No. 8:19-cv-651-T-24 SPF

DAVIDSON PREVOT, VIRGINIE
SAINTIL, individually, and as officers,
directors, shareholders, members and/or
principals of Alez Caribbean Restaurant
and Lounge LLC d/b/a Alez Caribbean
Restaurant and Lounge, and ALEZ
CARIBBEAN RESTAURANT AND
LOUNGE LLC d/b/a Alez Caribbean
Restaurant and Lounge,

        Defendants.

_____/

**ORDER**

      This cause comes before the Court on Plaintiff's Motion for Default Judgment.  (Doc.

No. 23).  As explained below, the motion is granted.

**I.  Background**

      Plaintiff alleges the following in its complaint (Doc. No. 1): Plaintiff Joe Hand

Promotions, Inc. is a company that specializes in distributing and licensing sporting events to

commercial establishments.  The owner of the registered copyright of the *Floyd Mayweather, Jr.*

*vs. Conor McGregor* boxing match granted Plaintiff the exclusive right to commercially

distribute the audiovisual presentation of the boxing match, which aired on August 26, 2017.

Plaintiff licensed the boxing match to more than 6,000 establishments nationwide, authorizing

them to exhibit the match to their guests and customers after payment of a commercial license

fee to Plaintiff.

Defendants Davidson Prevot and Virginie Saintil were the officers, directors, shareholders, or members of Defendants Alez Caribbean Restaurant and Lounge LLC on the date that the boxing match aired. Defendants did not pay Plaintiff a license fee to show the boxing match; instead, they unlawfully obtained the boxing match through an unauthorized cable signal, satellite signal, and/or internet stream. Defendants knew, or should have known, that their receipt and exhibition of the boxing match at their establishment was not authorized.

Defendants willfully and intentionally pirated the boxing match for the sole purpose of their own economic gain. Defendants exhibited the boxing match for the commercial purpose of attracting paying customers, thereby wrongfully benefitting financially by infringing Plaintiff's rights in the high-profile event. Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit the boxing match.

On March 16, 2019, Plaintiff filed suit against Defendants, asserting two claims. In Count I, Satellite and Cable Piracy, Plaintiff alleges that Defendants violated 47 U.S.C. § 605 and/or § 553 by intercepting the cable and/or satellite signal for the boxing match. In Count II, Copyright Infringement, Plaintiff alleges that Defendants violated 17 U.S.C. § 106 and § 501 by their unauthorized distribution and public performance of the boxing match at their establishment.

Plaintiff served Defendants with the complaint, but they failed to file a response. (Doc. No. 13–15). As a result, the Clerk entered default against Defendants on July 10, 2019. (Doc. No. 18–20). Thereafter, Plaintiff filed the instant motion for default judgment.

## II.  Motion for Default Judgment

Plaintiff moves for default judgment on Count I only. In Count I, Satellite and Cable

Piracy, Plaintiff alleges that Defendants violated 47 U.S.C. § 605 (satellite piracy) and/or § 553 (cable piracy) by intercepting the cable and/or satellite signal for the boxing match. Section 605(a) provides the following:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication . . . knowing that such communication was intercepted, shall divulge or publish the . . . contents . . . for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Likewise, § 553 provides the following: "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

In order to establish a violation of § 605 or § 503, Plaintiff must prove three things: (1) Defendants intercepted the transmission of the boxing match; (2) Defendants did not pay for the right to receive the transmission; and (3) Defendants displayed the boxing match to the patrons of their commercial establishment. See Joe Hand Promotions, Inc. v. Martinez, 2019 WL 3082582, at *3 (N.D. Ala. July 15, 2019). Plaintiff alleges in the complaint, and its allegations are deemed admitted by Defendants, that Defendants unlawfully obtained the boxing match without paying for it by intercepting the cable and/or satellite signal for the match. Furthermore, Plaintiff alleges that Defendants pirated the boxing match willfully, intentionally, and for the sole purpose of their own economic gain by attracting customers to their restaurant. The

allegations in the complaint establish that Plaintiff is entitled to judgment on Count I of the complaint.[1]

When a defendant is liable under both § 605 and § 553, the plaintiff may recover damages under only one of those sections.  See id.  Plaintiff has elected to pursue damages under § 605.  Pursuant to § 605(e)(3)(B), this Court may award Plaintiff damages, as well as costs and attorneys' fees.  Pursuant to § 605(e)(3)(C), Plaintiff may elect to pursue actual damages plus Defendants' profits attributable to the violation or statutory damages.  Plaintiff has elected to pursue statutory damages.

This Court may award statutory damages for the violation of § 605(a) in an amount not less than $1,000 or more than $10,000, as the Court considers just.  47 U.S.C. § 605(e)(3)(C)(i)(II).  Plaintiff asks that the Court award it $5,000 in statutory damages.  In support of this request, Plaintiff points out that had Defendants legally licensed the boxing match from Plaintiff, it would have cost Defendants $3,700 to do so.  (Doc. No. 23-2, ¶ 7).

Furthermore, Plaintiff retains auditors to visit establishments that had not licensed the match to check to ensure that the establishments were not illegally broadcasting the match. (Doc. No. 23-2, ¶ 6).  One of the auditors, Michael Kennedy, went to the restaurant at issue and saw the boxing match being broadcast to a crowded restaurant.  During the 15 minutes that Kennedy was there, he counted approximately 67 patrons therein.  (Doc. No. 23-3).  The

---

[1]Defendants Davidson Prevot and Virginie Saintil are vicariously liable if they had the right and ability to supervise the violation and a had a strong financial interest in such activity. See Joe Hand Promotions, Inc. v. Blanchard, 2010 WL 1838067, at *3 (S.D. Ga. May 3, 2010). Plaintiff alleges in the complaint that they both had the right and ability to supervise the activities and had a direct financial interest in them.  This allegation, which is deemed admitted, is a sufficient basis for vicarious liability.

4

restaurant charged a $10 cover charge to enter and also made money from the patrons' food and beverage orders. Therefore, Plaintiff contends that an additional $1,300 in statutory damages is warranted given the coverage charge and increased patronage that resulted from the violation. Thus, Plaintiff seeks $5,000 in statutory damages comprised of the $3,700 license fee and approximately $1,300 in profits from the violation. The Court agrees that $5,000 is a just amount of statutory damages that should be awarded.

If the Court finds that the violation was committed willfully and for the purpose of commercial advantage or private financial gain, the Court, in its discretion, may increase the award of damages by an amount of not more than $100,000. 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff has alleged that Defendants willfully and intentionally pirated the boxing match for the commercial purpose of attracting paying customers. This allegation, which is deemed to be admitted, is a sufficient basis for this Court to award additional damages to Plaintiff for Defendants' willful conduct.

Plaintiff requests that the Court also award additional damages of $15,000, which equals three times the amount of the statutory damages award. The Court finds that an award of $15,000 in additional damages is just and will help deter future violations.

Pursuant to § 605(e)(3)(B), this Court awards Plaintiff its costs and attorneys' fees. Plaintiff incurred $400 in filing fees, plus $375 in fees for service of process. Additionally, Plaintiff's attorneys spent six hours on this case at a rate of $250 per hour, totaling $1,500 in attorneys' fees. The Court finds that both the hourly rate and the amount of time spent are reasonable. Therefore, the Court awards Plaintiff $775 in costs and $1,500 in attorneys' fees.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's Motion for Default Judgment (Doc. No. 23) is **GRANTED**.

(2)     The Clerk is directed to enter judgment in favor of Plaintiff and against Defendants Alez Caribbean Restaurant and Lounge LLC, Davidson Prevot, and Virginie Saintil on Count I as follows: Defendants are jointly and severally liable for statutory damages in the amount of $5,000; additional damages in the amount of $15,000; attorneys' fees in the amount of $1,500; and costs in the amount of $775.  Post-judgment interest on the amounts awarded herein shall accrue as of the date of the judgment until paid.

(3)     The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of September, 2019.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

6